Filed 4/23/19; Certified for Publication 5/20/19 (order attached)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STEPHEN TAULBEE et al., | |
| Plaintiffs and Appellants, | G054545 |
| v. | (Super. Ct. No. 30-2013-00678721) |
| EJ DISTRIBUTION CORP. et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Peter J. Wilson, Judge. Affirmed.

Law Offices of Edward A. Hoffman and Edward A. Hoffman for Appellants.

Horvitz & Levy, Robert H. Wright and Mark A. Kressel; Acker & Whipple, Stephen Acker, Jerri Johnson and Alana C. Martinez for Respondents.

\* \* \*

On August 20, 2012, appellant Stephen Taulbee suffered catastrophic injuries after driving his Jeep into the back of a truck parked in a gore point, a triangular-shaped zone demarcated by the freeway and the exit ramp. Taulbee and his wife (collectively "appellants") sued respondent Carlos Aldana, the truck driver, and his employer, respondent EJ Distribution Corporation (collectively "respondents"). The trial court instructed the jury that it could find Aldana negligent per se for parking in the gore point (Veh. Code, § 21718; all further statutory citations are to this code unless otherwise stated), and that Taulbee could be found negligent per se for driving into the gore point (§ 21651). The court declined to instruct the jury that Aldana also could be found negligent per se for driving into the gore point to park his vehicle (§ 21651), although appellants requested the instruction. After the jury found Aldana was not negligent for parking in the gore point, the court entered judgment for respondents.

Appellants contend the trial court prejudicially erred in not giving the requested negligence per se instruction. They argued substantial evidence supported their theory that Aldana was liable for the traffic collision by driving into the gore point in violation of section 21651. According to appellants, even if Aldana needed to stop on the freeway, he could and should have stopped on the shoulder rather than in the gore point. As explained below, the trial court properly declined to give the requested instruction because Aldana's negligent driving into the gore point was not a proximate cause of the traffic accident. In any event, any instructional error in failing to give the instruction was harmless given the jury's finding that Aldana was not negligent for parking in the gore point. Accordingly, we affirm.

# I

## FACTS AND PROCEDURAL BACKGROUND[1]

The sole trial issue was whether Aldana was partially responsible for the traffic accident. In closing arguments, Taulbee's attorney argued that Aldana was 85 percent at fault for the accident.

The parties stipulated that "Taulbee suffered from no physical or mental condition that caused or contributed in any way to the accident." They also stipulated that as a result of the accident, "Taulbee has no recollection of the accident, or any of the events leading up to or causing the accident and is unable to testify at trial." Finally, the parties agreed that if Aldana was responsible, in whole or in part, for the traffic collision, EJ Distribution Corporation was vicariously liable.

A. *Witness Testimony*

At trial, Aldana testified that on August 20, 2012, he was driving his truck and pulling a trailer in the right lane on the Interstate 5 freeway on his way to a Santa Ana warehouse. As he was making a turn, a yellow light indicator appeared on his truck's dashboard. Seconds later, a red light indicator appeared on the dashboard. The truck lost power and its engine began shutting off. Aldana pulled over into the gore point on the left of the highway. He stopped the truck completely within the gore point and turned on the truck's flashing signals. Aldana called his employer, who told him help would be sent. For the next few minutes, he tried to get the engine started but was unsuccessful. About five to eight minutes after Aldana had parked in the gore point, Taulbee's Jeep hit the truck. Aldana stayed at the scene for approximately two hours before the California Highway Patrol (CHP) allowed him to leave. He started the truck and drove to the Santa Ana warehouse.

---

[1] Because appellants only raise instructional error, we summarize only the evidence relevant to the claim.

Elizabeth Chavez testified that at approximately 10:00 a.m. that same morning, she was driving on the 22 Freeway approaching the Interstate 5 intersection when she noticed a Jeep on her right. Chavez and the Jeep were both going around 50 miles per hour when they entered the ramp to merge into the Interstate 5. As they entered the ramp, Chavez saw a semitruck parked in the gore point. Chavez pulled ahead of the Jeep and lost sight of it. Shortly thereafter, she looked in her rearview mirror and saw that the Jeep was airborne.

CHP Officer Gilbert Vela testified that he arrived at the scene and investigated the traffic collision. Aldana's truck was within the gore point. Officer Vela looked into the truck and saw the various lights on the dashboard.

The remainder of trial consisted of experts opining on the conduct of Aldana and Taulbee and the degree of their negligence, if any. Taulbee's accident reconstructionist opined that while Aldana's engine was shutting down, Aldana could have "coast[ed]" to one of several nearby shoulder areas wide enough to accommodate his tractor trailer. Taulbee's trucking safety expert testified that Aldana was negligent for stopping in the gore point instead of on a shoulder, even in an emergency, because the shoulder is safer for the driver and emergency vehicles than the gore point. Taulbee's traffic engineering expert testified that the gore point is more dangerous because vehicles are known to cross gore areas. The defense's trucking safety expert testified once the red light indicator appeared, Aldana's first priority was to identify a location to get the truck out of the travel lanes. The gore point was the appropriate place for Aldana to park because it was "a sure thing." It was immediately in front of him, large enough to accommodate his truck, and accessible even with dead power steering. The defense traffic engineering expert testified that "it was perfectly appropriate under these circumstances for the truck to stop in the gore area," because "[i]f that was his first point of safety, absolutely, it's okay to stop there."

4

B.  *Jury Instructions*

The trial court gave two general negligence instructions.  The jury was instructed:  "Negligence is the failure to use reasonable care to prevent harm to oneself or others.  A person can be negligent by action or by failing to act.  A person is negligent if he or she does something that a reasonably careful person would not do in the same situation, or fails to do something that a reasonably careful person would do in the same situation."  It also was instructed:  "A person must use reasonable care in driving a vehicle.  Drivers must keep a lookout for pedestrians, obstacles, and other vehicles.  They must also control the speed and movement of their vehicles.  The failure to use reasonable care in driving a vehicle is negligence."

The trial court also gave two negligence per se instructions.  The jury was instructed:  "No person shall stop, park, or leave standing any vehicle upon a freeway, except when necessary to avoid injury or damage to persons or property, or when any vehicle is so disabled that it's impossible to avoid temporarily stopping and another vehicle has been summoned to render assistance to the disabled vehicle or driver of the disabled vehicle. [¶] If you decide that Carlos Aldana violated this law and that the violation was a substantial factor in causing the collision, then you must find that Carlos Aldana was negligent, unless you find that the violation was excused. [¶]  If you find that Carlos Aldana did not violate this law or that the violation was not a substantial factor in causing the collision or if the violation was excused, then you must still decide whether Carlos Aldana was negligent in light of the other instructions."[2]

---

[2]  This instruction is based on section 21718, subdivision (a), which provides:  "(a) No person shall stop, park, or leave standing any vehicle upon a freeway which has full control of access and no crossings at grade except:  [[¶]]  (1) When necessary to avoid injury or damage to persons or property.  [¶] . . . [¶] (4) When any vehicle is so disabled that it is impossible to avoid temporarily stopping and another vehicle has been summoned to render assistance to the disabled vehicle or driver of the disabled vehicle."

5

The jury also was instructed: "Whenever a highway has been divided into two or more roadways by means of intermittent barrier or by means of a dividing section of not less than two feet in width, either unpaved or delineated by curbs, double parallel lines, or other markings on the roadway, it is unlawful to do either of the following: that is, to drive any vehicle over, upon, or across the driving section. [¶] If you decide that plaintiff Steven Taulbee violated this law and that the violation was a substantial factor in causing the collision, then you must find that plaintiff Steven Taulbee was negligent. [¶] If you find that plaintiff Steven Taulbee did not violate this law, or that the violation was not a substantial factor in causing the collision, or if you find the violation was excused, then you must still decide whether Stephen Taulbee was negligent in light of the other instructions."[3]

With respect to the latter jury instruction, Taulbee sought to have it applied to Aldana's conduct of driving into the gore point to park his truck. The trial court rejected Taulbee's request because section 21651 is "a moving violation section. It does not designate where you should be parking and stopping." The court also stated that if it gave the section 21651 instruction, the section 21718 instruction would be superfluous because anyone who had parked in the gore point would necessarily have also violated section 21651 by getting to the spot.

C. *Jury Verdict*

The first question on the special verdict form asked: "Was CARLOS ALDANA negligent?" The jury unanimously answered, "No." As instructed, the jury answered no further questions.

---

[3] This instruction is based on section 21651, subdivision (a), which states in relevant part: "(a) Whenever a highway has been divided into two or more roadways by means of intermittent barriers or by means of a dividing section of not less than two feet in width, either unpaved or delineated by curbs, double-parallel lines, or other markings on the roadway, it is unlawful to . . . [¶] . . . drive any vehicle over, upon, or across the dividing section."

6

A judgment in favor of respondents was entered on November 28, 2016.

## II

## DISCUSSION

"A party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by him which is supported by substantial evidence." (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 572 (*Soule*).) An erroneous refusal to instruct the jury is reversible if it is probable that the error prejudicially affected the verdict. (*Id.* at p. 580.) We independently review contentions that the court erred in instructing the jury. (*Cristler v. Express Messenger Systems, Inc*. (2009) 171 Cal.App.4th 72, 82.) In doing so, and in evaluating any prejudicial impact of the excluded instruction, we view the evidence in the light most favorable to the losing party because "we must assume the jury might have believed the evidence upon which the proposed instruction was predicated and might have rendered a verdict in favor of the losing party had a proper instruction been given." (*Bourgi v. West Covina Motors, Inc.* (2008) 166 Cal.App.4th 1649, 1664.)

Appellants contend they were entitled to a negligence per se instruction with respect to Aldana's driving into the gore point. "The negligence per se doctrine is codified in Evidence Code section 669, subdivision (a), under which negligence is presumed if the plaintiff establishes four elements: (1) the defendant violated a statute, ordinance, or regulation; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." (*Alcala v. Vazmar Corp.* (2008) 167 Cal.App.4th 747, 755.) "The burden is on the proponent of a negligence per se instruction to demonstrate that these elements are met." (*Traxler v. Varady* (1993) 12 Cal.App.4th 1321, 1328 (*Traxler*).) We agree with appellants that the evidence would

7

support a finding that Aldana violated section 21651 when he drove into the gore point. Nevertheless, the trial court did not err in declining to give a negligence per se instruction with respect to Aldana's driving into the gore point because, as a matter of law, that conduct was not a proximate cause of the traffic collision.

Here, the undisputed testimony was that Aldana had driven into the gore point in violation of section 21651 five to eight minutes *before* Taulbee drove into the same gore point. There is no evidence Aldana's violation of section 21651 proximately caused the collision between Taulbee's Jeep and Aldana's tractor-trailer. For example, no evidence suggests that Taulbee drove into the gore point because he was distracted by Aldana's driving. Rather, the evidence suggests Taulbee might have been distracted by the tractor-trailer's presence in the gore point, which was adequately addressed by the negligence per se instruction based on section 21718. In sum, the trial court properly declined to give the proposed negligence per se instruction with respect to Aldana's driving into the gore point because that particular violation of section 21651 did not proximately cause the collision. (See *Traxler*, *supra*, 12 Cal.App.4th at p. 1329 [trial court correctly refused to give a negligence per se instruction where, as a matter of law, the defendant's statutory violation of failing to send tissue obtained during medical procedure to pathologist for examination did not proximately cause plaintiff's exposure to virus from a transfusion because the decision to order a transfusion was necessitated by plaintiff's severe blood loss]; cf. *Hosking v. San Pedro Marine, Inc*. (1979) 98 Cal.App.3d 98, 102 [defendant not negligent per se where its employee's violation of statute prohibiting motorists from leaving a vehicle unattended without stopping the vehicle was not proximate cause of subsequent collision caused by a third party who stole the vehicle].)

Moreover, even if the trial court erred in refusing to instruct the jury that Aldana was negligent for driving into the gore point, the error was harmless in light of the jury's verdict. Under Evidence Code section 669, subdivision (b), the presumption of negligence codified in Evidence Code section 669, subdivision (a), may be rebutted by

8

proof that "[t]he person violating the statute, ordinance, or regulation did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." The jury was instructed that "[n]egligence is the failure to use reasonable care to prevent harm to oneself or others" and that "[a] person is negligent if he or she does something that a reasonably careful person would not do in the same situation, or fails to do something that a reasonably careful person would do in the same situation." Having been so instructed the jury found Aldana not negligent in parking in the gore point. In light of the jury's finding, it is not reasonably probable the jury would have found Aldana violated section 21651 because he drove into the gore point to park there. Accordingly, the trial court did not prejudicially err in refusing to instruct the jury that Aldana could be found negligent for driving into the gore point. (See *Spriesterbach v. Holland* (2013) 215 Cal.App.4th 255, 268 [trial court's failure to give a negligence per se instruction based on driver's failure to yield in violation of section 21804 not prejudicial where jury returned special verdict that defendant was not negligent].)

III

DISPOSITION

The judgment is affirmed. Respondents are awarded their costs on appeal.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.

9

Filed 5/20/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| STEPHEN TAULBEE et al., | |
| Plaintiffs and Appellants, | G054545 |
| v. | (Super. Ct. No. 30-2013-00678721) |
| EJ DISTRIBUTION CORP. et al., | O R D E R |
| Defendants and Respondents. | |

Respondents, EJ Distribution Corporation and Carlos Alberto Aldana, and the Association of Southern California Defense Counsel have requested that our opinion filed on April 23, 2019, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED. The opinion is ordered published in the Official Reports.

ARONSON, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.